UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHARON BELTON<br><br>**Plaintiff,**<br><br>v.<br><br>PALISADES MEDICAL CENTER,<br>DONNA CAHILL, YVONNE GERACI,<br>ROBERT BULTER, ALBERT VERONA<br><br>**Defendants.** | Civ. No. 12-5508 (WJM)<br><br>**OPINION** |

**<u>WILLIAM J. MARTINI, U.S.D.J.:</u>**

This matter comes before the Court on Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Pro se* Plaintiff Sharon Belton opposes the motion. For the reasons set forth below, Defendants' motion is **GRANTED**.

# I. FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiff appears to be a former employee of Palisades Medical Center. Plaintiff's Complaint[2] explicitly alleges the following: "All employee[s] are not treated the same. I was accused of using profanity in the workplace by security guard which [is] not true. I was terminated, there's a co-worker that's friend[s] with [the] supervisor, [who] curses people and other co-worker[s] out all the time,

---

[1] As this is a 12(b)(6) motion to dismiss, the following version of events assumes Plaintiff's allegations in the Complaint are true.
[2] The Court notes that Plaintiff has attached several mostly-illegible letters to her Complaint.

1

hit[s] other co-worker[s] in the head, call[s] nurses bitch. She's not fired so why am I." (Compl. ¶ 9.) Plaintiff further claims that this complained of conduct is discriminatory because: "I reported an incident that happened 10-20-2011 in writing where I was told to kiss her ass. I was ignored. Nothing was done. Supervisor is friend[s] with girl's mother. [They're] both supervision and they don't treat other co-workers fair." (*Id*. at ¶ 10.)

Based on these limited factual allegations, on September 4, 2012, Plaintiff commenced this action in District Court, alleging that she suffered racial and national origin discrimination in the course of her employment, in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e-2, 3. (*Id*. at ¶ 10.) In response, Defendants filed the present motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*,

2

422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Twombly*, 550 U.S. at 556).

## III. DISCUSSION

Reading the Complaint in the light most favorable to Plaintiff, the Complaint appears to assert claims for (1) discrimination and (2) retaliation under Title VII. Defendants have moved to dismiss the Complaint in its entirety. The Court finds that the motion to dismiss should be granted.

First, Plaintiff has failed to plead a Title VII discrimination claim. Under Title VII, it is unlawful for an employer to "fail or refuse to hire or to discharge

3

any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To state a *prima facie* case for discrimination under Title VII, a plaintiff must show that: (1) she is a member of a protected class; (2) she is qualified for the position; (3) she suffered an adverse employment action despite being qualified; and (4) the action occurred under circumstances giving rise to an inference of unlawful discrimination, such as when non-members of the protected class are treated more favorably than the plaintiff. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see also Jackson v. Temple Univ. Hosp., Inc.*, 501 Fed.Appx. 120 (3d Cir. 2012) (citing *Makky v. Chertoff*, 541 F.3d 205, 214 (3d Cir. 2008)).

In this case, Plaintiff fails to allege any specific facts that would support a *prima facie* Title VII discrimination claim. Plaintiff does not allege that she was a member of a protected class. She does not allege any facts showing that she was qualified for her position. She does not allege that non-members of a protected class were treated more favorably. Finally, Plaintiff does not allege any facts that would give rise to an inference of unlawful discrimination. She makes no allegations whatsoever about Defendants Cahill, Geraci, Butler, or Verona.

Second, Plaintiff has failed to plead a Title VII retaliation claim. Title VII contains an anti-retaliation provision, which provides that it is "an unlawful

employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice." 42 U.S.C. § 2000e-3(a). In order to establish a *prima facie* case of retaliation under Title VII, a plaintiff must show: (1) that he engaged in a protected activity; (2) that he suffered an adverse employment action; and (3) that there was a causal connection between the protected activity and the adverse employment action. *Sanchez v. SunGard Availability Servs. LP*, 362 F. App'x 283, 287 (3d Cir. 2010). In this case, Plaintiff wholly fails to allege that she engaged in a protected activity, and fails to allege that there was any connection between a protected activity and an adverse employment action.

In sum, Plaintiff fails to plead facts sufficient to raise her right to relief under Title VII above a speculative level. Accordingly, Defendants' motion to dismiss will be **GRANTED**. *See Dunleavy v. New Jersey*, Civ. No. 06-0554, 2007 WL 2793370, at *3 (D.N.J. Sept. 26, 2007) aff'd, 251 Fed.Appx. 80 (3d Cir. 2007) (granting Rule 12(b)(6) motion to dismiss plaintiff's Title VII employment discrimination claim where plaintiff failed to make any allegations indicating that he suffered an adverse employment action based on his membership in one of the protected classes set forth in 42 U.S.C. § 2000e.)

## III. CONCLUSION

For the reasons stated above, Defendants' Rule 12(b)(6) motion is **GRANTED** and Plaintiffs' claims are **DISMISSED WITHOUT PREJUDICE**. Plaintiff will have 30 days to file an Amended Complaint. An appropriate order follows.

                              /s/ William J. Martini
                          **WILLIAM J. MARTINI, U.S.D.J.**

**Date: June 4, 2013**