UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHARON BELTON<br><br>Plaintiff,<br><br>v.<br><br>PALISADES MEDICAL CENTER,<br>DONNA CAHILL, YVONNE GERACI,<br>ROBERT BULTER, ALBERT VERONA<br><br>Defendants. | Civ. No. 12-5508 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court on Defendants' motion to dismiss Plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). *Pro se* Plaintiff Sharon Belton opposes the motion and requests appointment of *pro bono* counsel. For the reasons set forth below, Plaintiff's request is **DENIED**, and Defendants' motion is **GRANTED**.

I. FACTUAL AND PROCEDURAL BACKGROUND

On September 4, 2012, Plaintiff commenced this action in District Court, alleging that she suffered racial and national origin discrimination in the course of her employment, in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e-2, 3. (ECF # 1) The allegation against

1

Defendants was that they falsely accused Plaintiff of using profanity and terminated her for it. (*Id.*) She complained of unequal punishment of people using profanity. (*Id.*) Specifically, she complained, "There's a co-worker that's friend[s] with [the] supervisor, curses people and other coworker[s] out all the time, hit[s] other coworker[s] in the head, call[s] nurses bitch. She's not fired, so why am I?"

On June 4, 2013, the Court dismissed the Complaint without prejudice because (1) Plaintiff failed to make any specific allegations with regard to the individual Defendants, and (2) Plaintiff had not pleaded that she was a member of a protected class. (ECF No. 14)

Plaintiff filed an Amended Complaint adding some detail about the acts of the individual Defendants. (ECF No. 17) On November 8, 2011, Defendant Butler made a false complaint that Plaintiff was using profanity. (*Id.*) Under a section of the Amended Complaint labeled "wrongful termination," Plaintiff claims that on November 9, 2011, Defendant Geraci advised Belton that she was suspended until further notice for using profanity and that an investigation was taking place. (*Id.*) On November 17, 2011, Geraci called a meeting with Plaintiff, "Fay S.," "Joanie F.," and three union representatives. (*Id.*) Defendants terminated Belton at this meeting. (*Id.*) Belton was not given any letter of termination, any paperwork about the investigation, a copy of Butler's complaint, or her final paycheck. (*Id.*)

2

The Amended Complaint also specifies with more precision the factual basis for Plaintiff's complaint of unequal treatment. She claims that Defendant Geraci had a personal relationship with the mother of a co-worker, Tamara Reid. Reid appears to be the co-worker mentioned in Plaintiff's original Complaint who used profanity with alleged impunity. Plaintiff claims that she filed a complaint about Reid's behavior and that her termination was retaliation for filing this complaint against the daughter of Geraci's friend. (*Id.*)

## II. *PRO BONO* COUNSEL

28 U.S.C. § 1915(e)(1) provides that "[t]he court may request an attorney to represent any person unable to afford counsel." District courts have "broad discretion" to decide whether requesting counsel is appropriate, may request counsel at any point in the litigation, and may do so *sua sponte*. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (*citing Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)). As an initial matter, the Court must first determine if the party seeking counsel has an underlying case with arguable merit in fact and law. *Id.* at 498-99. Once the claim has passed that threshold, the Court then considers the following list of criteria to assess whether requesting counsel would be appropriate: (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation

will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his or her own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Id.* at 499. The list is non-exhaustive, and the Court may consider other facts or factors it determines are important or helpful. *Ibid.*

For the reasons set forth below, the Court finds that Plaintiff does not cross the initial threshold of articulating a federal case with arguable merit in fact and law. Plaintiff's request for *pro bono* counsel is therefore denied.

### III. RULE 12(b)(6) LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998) (*citing Warth v. Seldin*, 422 U.S. 490, 501 (1975)). Moreover, where the plaintiff is proceeding *pro se*, the complaint is "to be liberally

construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).

## IV. DISCUSSION

Reading the Amended Complaint in the light most favorable to Plaintiff, the Complaint appears to assert claims for (1) discrimination, (2) retaliation under Title VII, and (3) common law claims stemming from her "wrongful termination" and not being given her final paycheck.

The additional details in the Amended Complaint still do not state a claim under Title VII because plaintiff's status as one who was not a personal friend of her supervisor is not a protected status. Thus the Court will dismiss this cause of action.

The remaining allegations of "wrongful termination" and of not being given her last paycheck are addressable in state court via common law causes of action. The federal cause of action having been dismissed, the Court declines to exercise supplemental jurisdiction over these remaining allegations. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction.").

## V.  CONCLUSION

For the reasons stated above, Plaintiff's request for the appointment of *pro bono* counsel is **DENIED**, and Defendants' Rule 12(b)(6) motion is **GRANTED**. Plaintiffs' claims are **DISMISSED WITH PREJUDICE**. An appropriate order follows.

WILLIAM J. MARTINI, U.S.D.J.

**Date: December ___, 2013**